**BALZAC BROS. & CO., Inc., v. COLOMBIAN S. S. CO., Inc.**

**J. ARON & CO., Inc., v. SAME.**

District Court, S. D. New York.

March 13, 1944.

Crawford & Sprague, of New York City (Stuart Sprague, of New York City, of counsel), for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

COXE, District Judge.

The plaintiffs in the above entitled actions move under Rule 34 of the Federal Rules, 28 U.S.C.A. following section 723c, for a discovery and inspection of certain designated books, records and documents.

The actions are for damages for alleged fraud. The plaintiffs are coffee importers and the defendant is a shipping concern. The complaints allege in substance that for a number of years the plaintiffs paid to the defendant the sum of $1.58, in addition to the regular freight charges, for each long ton of coffee shipped on defendant's ships, upon the false representation that such payments were required by and had to be turned over to the Republic of Colombia. The defendant admits charging $1.58, but denies all the other material allegations of the complaint. It denies making the repersentations, denies that such representations were false, and denies that the charges in question were not turned over to the Republic of Colombia. The last two denials are inconsistent with the first, but such pleading is allowed under Rule 8(e).

The issues raised by the pleadings are such that any books, records or documents in the defendant's possession which would throw light on the $1.58 charge, the circumstances surrounding its imposition, and the understanding of the parties with reference thereto, might contain material evidence. Under Rule 34, if such records are not privileged, they may be inspected and copied. All the records, documents and books referred to in the moving papers, with the possible exception of part of items (e), (f) and (h), fall within that category, and as to them the motion is granted.

As to items (e) and (f), the plaintiffs may inspect only such minutes, reports and communications as relate to the $1.58 charge; and as to item (h), the plaintiffs may inspect original signed copies of the two documents referred to therein, but the other papers appear to be unnecessary and immaterial.

The records are voluminous and bulky, and for that reason the inspection should take place wherever they may be stored or filed away.